IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOMPO JAPAN INSURANCE INC. | § | |
| | § | |
| vs. | § | C. A. NO. 4:22 – cv – 2131 |
| | § | ADMIRALTY |
| SK SHIPPING CO., LTD., *et al.* | § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Sompo Japan Insurance Inc. files this Original Complaint against SK Shipping Co., Ltd. ("SKS") and Richardson Stevedoring And Logistics Services, Inc. ("Richardson"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

### I.  *Nature of the Action*

1.  Plaintiff seeks to recover monetary damages for losses in 2021 to cargos of steel products (the "cargos") to have been carried safely by vessels from Kaohsiung, Republic of China to the Port of Houston, and there later to be tendered safely to their consignee and/or the consignee's contractor(s) and/or representative(s).

### II.  *Jurisdiction and Venue*

2.  This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts.

3.  The Court has original jurisdiction of these admiralty and maritime claims

under 28 U.S.C. §1333(1).

4. Alternatively, the Court has supplemental jurisdiction of Plaintiff's claims against Richardson under 28 U.S.C. § 1367 because they are so related to the other claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### III.  Parties

6. Plaintiff is a corporation organized under law in Japan, with its principal place of business in Tokyo, Japan.

7. At all times material, Plaintiff insured Okaya & Co., Ltd. and/or its affiliated company, Okaya (U.S.A.), Inc. (collectively, "Okaya"), and/or the cargos.

8. Plaintiff paid Okaya for the cargos' losses under an insurance policy, and is contractually and/or equitably subrogated to Okaya's interests in the cargos and/or is authorized by Okaya to bring this action.

9. Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargos, including Okaya for all deductible and/or uninsured interests.

10. On information and belief and at all times material, SKS chartered, managed and/or operated the M/V SPRING MELODY and M/V BEKS HALIL as a common carrier of goods by water for hire between various ports, including Kaohsiung, Republic of China, and Houston.

11. On information and belief and at all times material, SKS was a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo to and from Texas aboard vessels, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.

12. On information and belief, SKS is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code, but has not designated or maintained a resident agent in Texas.

13. Alternatively, on information and belief, although SKS may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and SKS has sufficient national minimum contacts with the United States as a whole.

14. The exercise of personal jurisdiction over SKS is consistent with the Constitutions and other laws of the United States and Texas.

15. Serving SKS with a summons is effective to establish personal jurisdiction over it.

16. SKS can be served by serving the Texas Secretary of State.

17. Process or notice can be sent to SKS at its home office, 21st Floor, 416, Hangang–daero, Jung–gu, Seoul, Republic of Korea C.P.O. Box 2732.

18. On information and belief, Richardson is a Texas corporation with its

principal place of business in Galena Park, Texas.

19. On information and belief and at all times material, Richardson engaged in business in Texas as a stevedore by discharging cargos from ocean going vessels at the Port of Houston.

20. Alternatively, on information and belief and at all times material, Richardson engaged in business in Texas as a warehouseman, cargo handler and/or bailee of goods for hire at or near the Port of Houston.

21. Richardson can be served by its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201–3136.

## IV.  First Claim

22. In or about July 2021, Okaya's shipper tendered in good order and condition to SKS at Kaohsiung a cargo of Prime Newly Produced Plaint End ERW Casing.

23. SKS agreed safely to receive, load aboard the M/V SPRING MELODY, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, all in consideration of paid freight charges.

24. On or about July 26, 2021, SKS acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued at Kaohsiung various bills of lading including Bill of Lading No. SKSMKHHUB4706000, free of exceptions or other notations for loss or damage, and loaded and stowed the cargo aboard the M/V SPRING MELODY.

25. On or about September 11, 2021, the M/V SPRING MELODY arrived at Houston where SKS later discharged the cargo, not in the same good order and condition

as when received but, on the contrary, part of the cargo was short, slack, missing and never delivered.

26. The shortage and loss proximately resulted from SKS's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.

27. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V SPRING MELODY.

28. Alternatively, the shortage and loss proximately resulted from Richardson's conduct in failing properly to sort, handle, discharge, segregate and place the cargo during and/or after unloading from the M/V SPRING MELODY.

29. Richardson's described conduct constituted negligence, breach of contract, breach of bailment and/or failure to perform services in a workmanlike manner.

30. Accordingly, Defendants failed to deliver the cargo to Okaya's designated consignee, contractor and/or representative at Houston in the same good order and condition as when received.

31. At all times during the shipment, Okaya owned the cargo.

32. At all times material to the shipment, Plaintiff insured Okaya and the cargo under a marine cargo insurance policy.

33. The sum of $34,070.79, plus all reasonable and necessary mitigation and incidental damages, if paid now in cash to Plaintiff, fairly and reasonably would compensate it for the cargo's actual loss.

34. Okaya and/or Plaintiff timely gave Defendants written loss notice and/or demand for payment of reasonable and necessary actual damages and/or for reimbursement of the cargo's sound market value.

35. Defendants have failed or refused to pay Okaya and/or Plaintiff any amount for the cargo's loss.

36. At all times material, Okaya performed all obligations under every applicable agreement with Defendants.

37. At no time did any of Okaya's or Plaintiff's acts or omissions cause or contribute to cause the cargo's loss or Plaintiff's proximately resulting damages.

38. At all times material, Okaya and/or Plaintiff mitigated all damages arising from the cargo's loss in a commercially reasonable manner.

39. All conditions precedent have been performed or have occurred for Plaintiff to bring this action and demand payment from Defendants for all damages proximately arising from the cargo's loss.

## V. Second Claim

40. In or about August 2021, Okaya's shipper tendered in good order and condition to SKS at Kaohsiung a cargo of Prime Newly Produced Plaint End ERW Casing.

41. SKS agreed safely to receive, load aboard the M/V BEKS HALIL, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, all in consideration of paid freight charges.

42. On or about August 31, 2021, SKS acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued at Kaohsiung various bills of

lading including Bills of Lading Nos. SKSMKHHUB5803600 and SKSMKHHUB5803700, free of exceptions or other notations for loss or damage, and loaded and stowed the cargo aboard the M/V BEKS HALIL.

43. On or about October 26, 2021, the M/V BEKS HALIL arrived at Houston where SKS later discharged the cargo, not in the same good order and condition as when received but, on the contrary, part of the cargo was short, slack, missing and never delivered.

44. The shortage and loss proximately resulted from SKS's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.

45. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V BEKS HALIL.

46. Alternatively, the shortage and loss proximately resulted from Richardson's conduct in failing properly to sort, handle, discharge, segregate and place the cargo during and/or after unloading from the M/V BEKS HALIL.

47. Richardson's described conduct constituted negligence, breach of contract, breach of bailment and/or failure to perform services in a workmanlike manner.

48. Accordingly, Defendants failed to deliver the cargo to Okaya's designated consignee, contractor and/or representative at Houston in the same good order and condition as when received.

49. At all times during the shipment, Okaya owned the cargo.

50. At all times material to the shipment, Plaintiff insured Okaya and the cargo under a marine cargo insurance policy.

51. The sum of $55,044.02, plus all reasonable and necessary mitigation and incidental damages, if paid now in cash to Plaintiff, fairly and reasonably would compensate it for the cargo's actual loss.

52. Okaya and/or Plaintiff timely gave Defendants written loss notice and/or demand for payment of reasonable and necessary actual damages and/or for reimbursement of the cargo's sound market value.

53. Defendants have failed or refused to pay Okaya and/or Plaintiff any amount for the cargo's loss.

54. At all times material, Okaya performed all obligations under every applicable agreement with Defendants.

55. At no time did any of Okaya's or Plaintiff's acts or omissions cause or contribute to cause the cargo's loss or Plaintiff's proximately resulting damages.

56. At all times material, Okaya and/or Plaintiff mitigated all damages arising from the cargo's loss in a commercially reasonable manner.

57. All conditions precedent have been performed or have occurred for Plaintiff to bring this action and demand payment from Defendants for all damages proximately arising from the cargo's loss.

### VI. Res Ipsa Loquitor

58. Plaintiff invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the losses was such that they would not have happened in the absence of

negligence, and the instrumentality causing the occurrence was exclusively within each Defendant's control.

### VII.  Damages

59.    Plaintiff legally is entitled to recover from Defendants the amounts of the actual losses to the cargos.

60.    A sum in excess of the amount of $89,114.81, if paid now in cash to Plaintiff, fairly and reasonably would compensate it for the full actual losses of the cargos and all reasonable and necessary incidental damages proximately resulting from Defendants' respective act(s) and/or omission(s).

61.    Plaintiff also legally is entitled to recover from each Defendant interest on all damages, dating from the respective vessel loading dates, and post–judgment interest and costs of court incurred.

### VIII.  Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Sompo Japan Insurance Inc. respectfully prays that this Honorable Court adjudge that SK Shipping Co., Ltd. and Richardson Stevedoring And Logistics Services, Inc., *in personam*, jointly and severally, are liable to Plaintiff for its damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    5535 Memorial Drive, No. F570
    Houston, Texas 77007
    Telephone:   (713) 864–2221
    Facsimile:   (713) 864–2228
    Email:   macknife@macknife.net

ATTORNEYS FOR PLAINTIFF